# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL R. COOPER,

    Plaintiff,

  v.                                              Case No. 14-C-176

S. MOODY and LT. GROVE,

    Defendants.

## SCREENING ORDER

Plaintiff Michael R. Cooper, an inmate at Kettle Moraine Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 on February 18, 2014, alleging that his civil rights were violated while he was incarcerated at the Milwaukee County Jail (MCJ).

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). The plaintiff has been assessed and paid an initial partial filing fee of $11.51 in this action.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff Michael Cooper alleges that on November 12, 2013, MCJ Correctional Officer S. Moody, Lieutenant Grove, and other unidentified MCJ officers violated his constitutional rights by using excessive force against him. Cooper states that he participated in causing a disturbance by using profanity towards Officer Moody after Officer Moody allegedly placed him in an unclean cell. Cooper asserts that officers took control of the situation by threatening to use tasers and K-9 units. He further alleges that he was directed to place his hands outside the cell door, and that Officer Moody then placed handcuffs upon his wrists in a menacing fashion. Cooper contends that

the handcuffs were not "double locked" to prevent them from closing too tightly and that they cut into his wrists, causing injury. He also claims that Lieutenant Grove and others were present and that he pleaded to them for help but they did nothing.

The Eighth Amendment protects prisoners from cruel and unusual punishment, which is often defined as the "unnecessary and wanton infliction of pain." *Lewis v. Downey*, 581 F.3d 467 (7th Cir. 2009) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). It is unclear from the complaint whether Cooper was a pretrial detainee or a prisoner serving a sentence at the time the incident occurred. The Due Process Clause of the Fourteenth Amendment also protects pretrial detainees by prohibiting the State from punishing them, and the protections afforded pretrial detainees are at least as great as the Eighth Amendment protections available to a convicted prisoner. *See Tesch v. County of Green Lake*, 157 F.3d 465, 473 (7th Cir. 1998) (citations omitted).

On the surface, Cooper's claim might not seem the kind of matter that deserves the time and resources of Milwaukee County and the federal courts to resolve. Cooper admits he was involved in a disturbance and used profanity towards a correctional officer who he claims retaliated by not double-locking his handcuffs to prevent them from over-tightening. He claims the handcuffs did over-tighten and caused him pain and injury. Although it is difficult to believe that Cooper suffered a significant injury, significant injury is not required to state a claim under the Eighth Amendment (or Due Process Clause). The Supreme Court has held that the core judicial inquiry in such a case is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The extent of injury is one factor to be considered in determining whether the an Eight Amendment violation occurred, but "the absence of serious injury" does not end the inquiry. The Court did acknowledge in *Hudson*

that "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9-10 (internal quotations omitted). But the question of what might be such a *de minimis* use of force is not so clear that the court can conclude at this stage that Cooper's claim should not proceed. He alleges that he suffered lacerations and swelling to his wrists and was still experiencing numbness a week later.

Based on these allegations, I cannot say that his claim is without merit, and I will allow his Eighth Amendment claim to proceed against Officer Moody and Lieutenant Grove. *See Gentry v. Duckworth*, 65 F.3d 555 (explaining that liability may be imposed under § 1983 where an official facilitates, approves, condones, or turns a blind eye to unconstitutional conduct). If Cooper later discovers the names of other officers who allegedly violated his constitutional rights, he may seek leave to file an amended complaint. An amended complaint must be a complete "stand alone" pleading. In other words, it cannot incorporate the initial complaint by reference. *See* Civil L. R. 15(a) ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.").

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3).

Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $338.49 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forward such payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the Milwaukee County Sheriff, the Milwaukee County Corporation Counsel and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> Jefferson Court Building
> 125 S. Jefferson St., Rm. 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document filed with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin, this  2nd  day of April, 2014.

                                             s/ William C. Griesbach
                                             William C. Griesbach, Chief Judge
                                             United States District Court